UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 11-216-JBC

PHILLIP LOVINS and
ANNETTE LOVINS,                                                                               PLAINTIFFS,

V.                       MEMORANDUM OPINION AND ORDER

CRANDALL HURT,                                                                                DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's motion for partial dismissal. R. 3. For the reasons below, the court will grant the motion in part and deny it in part.

This action stems from two searches of the plaintiffs' home conducted by Detective Crandall Hurt on April 22, 2010, and December 10, 2010. The plaintiffs allege that during the first search, Hurt, a Kentucky State Police ("KSP") officer, along with other officers, entered the plaintiffs' residence without right or warrant and unlawfully seized property. Search warrants were issued for the plaintiffs' home on that same day, but they claim that the warrants contained false and misleading information. The plaintiffs also allege that during the second search, Hurt and other officers entered the plaintiffs' home and seized property without a right or warrant. They claim: violations of the Fourth and Fourteenth Amendments to the Constitution via 42 U.S.C. §1983; and state claims of negligence; invasion

1


of privacy and arbitrary action; grossly negligent infliction of emotional distress; intentional infliction of emotional distress; and conversion.  Each claim is brought against Hurt in both his individual and official capacities.

First, Hurt moves to dismiss the federal constitutional claims brought against him in his official capacity.  A 42 U.S.C. §1983 suit against an individual in his official capacity is not actionable because such a suit is considered an action against the office of the employee rather than the individual himself.  *Will v. Mich. Dep't of State Police*, 491 US 58, 71 (1989).  A suit against a state official is considered a suit against the state itself, *Id.*, and a state official acting under the guise of his official state duties is otherwise immune under the Eleventh Amendment from suits brought for monetary damages.  *Id.*  Hurt was acting in his official capacity at the time of the contested searches; therefore, he is not considered an "individual" under §1983. *Id.*  Accordingly, the federal constitutional claims brought against Hurt in his official capacity shall be dismissed.

Hurt also moves to dismiss federal constitutional claims as to the first search on statute-of-limitations grounds.  "The statute of limitations applicable to a §1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.,* 510 F.3d 631, 634 (6th Cir., 2007).  Both parties concede that the Kentucky personal injury statute of limitations is one year, but the date on which the statute began to run is disputed.  Under §1983, federal law dictates

when a cause of action begins to accrue, and the standard for determining the proper date of accrual is when the plaintiff knew or had reason to know of the injury on which the claim is based. *Id.* at 635.

The plaintiffs argue that an action related to the April 22, 2010, search of their home should not be time-barred because a federal forfeiture proceeding was instituted against their property soon after the April search. What happened to the property after the initial seizure, however, would not have affected the plaintiffs' knowledge of the injury asserted in their complaint. The plaintiffs had reason to know of the injuries they are asserting, the unlawful search and seizure and property deprivation, at the time of the April 22, 2010, search. A later proceeding by federal authorities, by which they retained possession of the disputed property, should not have affected the plaintiffs' knowledge of any potential claim arising out of the April 22, 2010, search. For that reason, the federal constitutional claims related to the April 22, 2010, search will be dismissed as barred by the applicable statute of limitations.

Hurt moves for dismissal of all state claims brought against him in his official capacity as a KSP officer based on governmental immunity. In Kentucky, public officers are afforded official immunity from tort liability "for acts performed in the exercise of their discretionary functions." *Yanero v. Davis*, 65 S.W.3d 510, 521 (Ky. 2001). When an officer is sued in his official capacity, immunity for discretionary acts is absolute and such "actions are included under the umbrella of

3

sovereign immunity." *Id.*  Here, the state claims brought against Hurt involve two searches and seizures of property located at the premises of the plaintiffs' residence.  These searches and seizures were discretionary acts performed by Hurt in the exercise of official duties.  Because Hurt, acting in his official capacity and based upon a discretionary act, is granted absolute immunity from suit, *see Id.*, the state claims brought against Hurt in his official capacity will be dismissed, including negligence, invasion of privacy and arbitrary action, grossly negligent infliction of emotional distress, intentional infliction of emotional distress, and conversion.

     Hurt also seeks to dismiss the state claims of negligence, invasion of privacy, and arbitrary action brought against him individually for failure to state a claim.  The plaintiffs bring these actions as violations of both state law and the Kentucky Constitution.  Hurt argues there is a lack of Kentucky case authority to support an action for monetary damages for alleged state constitutional violations.  Such Kentucky constitutional violation claims for monetary damages, however, may be recognizable. *Straub v. St. Luke Hospital, Inc.*, 2008 WL 5264284,#16, 39-46 (Ky. App. 2008).  Because the Kentucky Supreme Court has yet to rule on this issue, and a motion to dismiss should be construed most favorably toward the nonmoving party, *see* Fed. R. Civ. Pro. 12(b)(6), Hurt's motion to dismiss the state claims of negligence, invasion of privacy, and arbitrary action against Hurt individually for failure to state a claim will be denied.

4

In the alternative, Hurt moves to dismiss any portion of the state claims for negligence, invasion of privacy, and false imprisonment (as found in Count IV) brought against him in his individual capacity based upon the statute of limitations which governs the April 22, 2010, search.  Negligence and false imprisonment fall within the one-year statute-of-limitations period of KRS §413.140. *See Delong v. Arms*, 251 F.R.D. 253 (E.D. Ky. 2008); *see also Dunn v. Felty*, 226 S.W.3d 68 (Ky. 2007).  No statute of limitations specifically mentions invasion of privacy, so recognizing the similarity between a privacy action and libel or slander action, this court adopts the one-year statute of limitation for libel and slander.[1]  Each of these causes of action accrued on the day the alleged search and property deprivation occurred, April 22, 2010; therefore, the negligence, invasion-of-privacy and false-imprisonment claims based upon the April 22, 2010, search of plaintiffs' residence will be dismissed.

Last, Hurt seeks to dismiss the claims of intentional infliction of emotional distress and grossly negligent infliction of emotional distress.  Hurt argues that both claims are essentially allegations of outrage, and the plaintiffs do not dispute that characterization.  Construing both claims as allegations of intentional infliction of emotional distress/outrage, the claims will be dismissed; the elements of outrage have not been pled.  The tort of outrage will lie when the defendant's conduct was

---

[1] 2-128 Caldwell's Kentucky Form Book 128.00 referencing KRS 413.140(1)(d).   Caldwell's also mentions that a five-year statute of limitations could be used for privacy actions based upon KRS 413.120(7), which involves injuries to the rights of a plaintiff not arising on contract and not otherwise enumerated.

5

intended only to cause extreme emotional distress. *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 299 (Ky. Ct. App., 1993). When the claim of emotional distress is a supplement to another tort claim, such as false imprisonment, the burden of showing sole intent cannot be met. *See Id.*; *see also*, *Banks v. Fritsch*, 39 S.W.3d 474, 481 (Ky. Ct. App., 2001).

Here, the plaintiffs plead intentional infliction of emotional distress as an action that is the result of the other actions brought against Hurt. The language of the pleading does not indicate that Hurt's actions of searching and seizing the plaintiffs' property were intended solely to cause emotional distress; rather, each count states that the emotional distress was a "direct and proximate result of the above-described . . . . conduct of Defendant." R. 1. The pleading does not show the required level of intent for outrage, so the claims for intentional infliction of emotional distress and grossly negligent infliction of emotional distress will be dismissed.

Even if the plaintiffs' claim of grossly negligent infliction of emotional distress was construed as a type of negligent infliction of emotional distress, the claim would fail. Kentucky law requires a physical impact before an action for negligent infliction of emotional distress will lie. *Steel Techs. V. Congleton*, 234 S.W.3d 920, 928 (Ky. 2007). The plaintiffs have not pled any facts to indicate that their emotional distress was caused by physical contact with Hurt; *Id.* at 929.

6

Accordingly, it is **ORDERED** that Hurt's motion for partial dismissal, R. 3, is **GRANTED** in part and **DENIED** in part.  All federal and state claims brought against Hurt in his official capacity are dismissed.  The state claims of negligence, invasion of privacy, and false imprisonment (as found in Count IV) stemming from the April 22, 2010, search and brought against Hurt in his individual capacity are dismissed.  The federal constitutional claims arising from the April 22, 2010, search and brought against Hurt in his individual capacity are dismissed.  The claims for intentional infliction of emotional distress and grossly negligent infliction of emotional distress are dismissed.  The remaining claims, all brought against Hurt in his individual capacity – violations of the Fourth and Fourteenth Amendments to the Constitution via 42 U.S.C. §1983 arising from the December 10, 2010, search; state claims of negligence and invasion of privacy arising from the December 10, 2010, search; and state claims of arbitrary action and conversion arising out of both searches – shall proceed.

Signed on November 16, 2011



JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

7